WO                                                                                                          MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emmanuel L. Castillo, | No.   CV 21-00527-PHX-JAT (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Morey Unit Warden John/Jane Doe, et al., | |
| Defendants. | |

On March 25, 2021, Plaintiff Emmanuel L. Castillo, who is confined in the Arizona State Prison Complex-Eyman (ASPC-Eyman) in Florence, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.  In an April 5, 2021 Order, the Court gave Plaintiff thirty days to either pay the administrative and filing fees or file a complete Application to Proceed In Forma Pauperis.

On April 6, 2021, Plaintiff filed a "Motion for: Protection and or TRO, Temporary Restraining Order" (Doc. 5) and an Application to Proceed In Forma Pauperis (Doc. 6). The Court will deny the Motion and the deficient Application to Proceed and will give Plaintiff thirty days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

**I.     Payment of Filing Fee**

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $52.00 administrative fee in a lump sum or, if granted the privilege of proceeding in forma

pauperis, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed in forma pauperis requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where the inmate was confined during the six-month period. *Id.* To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4.

If a prisoner is granted leave to proceed in forma pauperis, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the $350.00 filing fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

**II.    Application Fails to Comply With Statute**

Plaintiff has used the court-approved form, but the "Certificate of Correctional Official as to Status of Applicant's Trust Account" section is not completed, and Plaintiff has not submitted a certified six-month trust account statement. In light of these deficiencies, the Court will deny the Application to Proceed and will give Plaintiff 30 days to either pay the $402.00 filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

The Arizona Department of Corrections (ADC) has notified the Court that a certified trust fund account statement showing deposits and average monthly balances is available from the ADC's Central Office. *Accordingly, Plaintiff must obtain the certified copy of his ADC trust fund account statement for the six months immediately preceding the filing of the Complaint from the ADC's Central Office.*

. . . .

. . . .

### III. Motion for Protection

In his Motion, Plaintiff seeks an "order of protection" and for the Court to "temporar[i]ly house [him] in another facility – that is not the Arizona Department of Corrections [–] until we can figure something else permanent." He alleges that "ever since [he has] been filing for the grievance process, [he has] been harassed verbally and sexually [and has] been ass[a]ulted and threatened." Plaintiff claims that when he was housed at a different facility, he was "taken to a back room and repeatedly punched and kneed" and his life was threatened several times. He asserts that since he arrived at ASPC-Eyman, he has "been sexually harassed by male and female staff" and, when he said he was going to file a Prison Rape Elimination Action (PREA) report against them, he "was given a ticket." Plaintiff asserts he is currently being held "in a Watch Pod" because he refused to house with an inmate who had been housed in the same living area as Plaintiff in the prison where Plaintiff had been assaulted. He claims prison officials have told him that "when April is up, [he] will go to a regular pod." Plaintiff alleges his "life has been put in danger to[o] many times" and "[t]he last guy they put in [his] cell was to[o] much of a co[i]ncidence." He alleges that the assaults, sexual harassment, and death threats "still remain[], just by another group of ADC employees and for the same reason"; he fears for his life; and "the employees have shown the[ir] power by silencing [him]."

Whether to grant or deny a motion for a temporary restraining order or preliminary injunction is within the Court's discretion. *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979). An injunction or restraining order is appropriate to grant "intermediate relief of the same character as that which may be granted finally," but relief is not proper when it is requested on matters lying wholly outside the issues in the suit. *DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). In other words, Plaintiff must seek injunctive relief related to the merits of his underlying claims. Plaintiff's allegations in his Motion are

unrelated to the claims in his Complaint; the claims in Plaintiff's Complaint relate to an alleged failure to conduct regular inspections of security devices at a different facility that resulted in inmates manipulating the lock to Plaintiff's cell on April 26, 2019, and assaulting Plaintiff.[1]  Thus, the Court will deny without prejudice Plaintiff's Motion.

## IV.  Warnings

### A.  Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.  Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's "Motion for: Protection and or TRO, Temporary Restraining Order" (Doc. 5) is **denied without prejudice**.

(2)  Plaintiff's Application to Proceed In Forma Pauperis (Doc. 6) is **denied without prejudice**.

(3)  Within **30 days** of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee and $52.00 administrative fee **or** file a complete Application to Proceed In Forma Pauperis and a certified six-month trust account statement.

(4)  If Plaintiff fails to either pay the $350.00 filing fee and $52.00 administrative fee or file a complete Application to Proceed In Forma Pauperis within 30 days, the Clerk

---

[1] In his Request for Relief in his Complaint, Plaintiff seeks monetary damages and for "[t]he training for safety [to] be changed."

of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

      (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing an Application to Proceed In Forma Pauperis (Non-Habeas).

      Dated this 9th day of April, 2021.

*James A. Teilborg*
Senior United States District Judge

**JDDL**

**Instructions for Prisoners Applying for Leave to Proceed In Forma Pauperis
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the $350.00 filing fee plus the $52.00 administrative fees for a civil action. If you later file an appeal, you will be obligated to pay the $505.00 filing fee for the appeal.

If you have enough money to pay the full $402.00 filing and administrative fees, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint.

If you do not have enough money to pay the full $402.00 filing and administrative fees, you can file the action without prepaying the fees. However, the Court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The Court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the Court.

After the initial partial filing fee has been paid, you will owe the balance of the $350.00 filing fee (you will not be required to pay the $52.00 administrative fee). Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the Court any time the amount in your account exceeds $10.00. These installment fees are calculated on a per-case basis. This means that you will be required to pay 20% of your preceding month's income for **each** civil non-habeas corpus case in which you have an outstanding filing fee balance. For example, if you are making payments toward filing fee balances in two civil non-habeas corpus cases, 40% of your preceding month's income will be collected each month. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action in forma pauperis, you must complete the attached form and return it to the Court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed in forma pauperis will be denied.

Even if some or all of the filing fee has been paid, the Court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action in forma pauperis unless you are in imminent danger of serious physical injury.

Revised 12/1/20

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

_____ ,

Plaintiff,

v.

_____ ,

Defendant(s).

CASE NO. _____

APPLICATION TO PROCEED
IN FORMA PAUPERIS
BY A PRISONER
CIVIL (NON-HABEAS)

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?
   ☐Yes   ☐No   If "Yes," how many have you filed? _____.
   Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?   ☐Yes   ☐No   If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?   ☐Yes   ☐No
   If "Yes," state the amount of your pay and where you work. _____
   _____
   _____

3. Do you receive any other payments from the institution where you are confined?   ☐Yes   ☐No
   If "Yes," state the source and amount of the payments. _____
   _____
   _____

1

4. Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?   ☐Yes   ☐No
If "Yes," state the sources and amounts of the income, savings, or assets. _____

I declare under penalty of perjury that the above information is true and correct.

_____   _____
DATE                         SIGNATURE OF APPLICANT

### ACKNOWLEDGEMENT OF COLLECTION OF FILING FEES FROM TRUST ACCOUNT

I, _____, acknowledge that upon granting this Application, the Court will order designated correctional officials at this institution, or any other correctional institution to which I am transferred, to withdraw money from my trust account for payment of the filing fee, as required by 28 U.S.C. § 1915(b).

The Court will require correctional officials to withdraw an initial partial payment equal to 20% of the greater of:
  (A) the average monthly deposits to my account for the six-month period preceding my filing of this action, or
  (B) the average monthly balance in my account for the six-month period preceding my filing of this action.

After the initial payment, if the amount in my account is at least $10.00, the Court will require correctional officials to withdraw from my account 20% of each month's income and forward it to the Court until the required filing fee is paid in full.    I understand that I am required to pay the entire fee, *even if my case is dismissed by the Court before the fee is fully paid.*

I further understand that if I file more than one action, correctional officials will be ordered to withdraw 20% of each month's income, for each action, simultaneously.    Accordingly, if I have filed two actions, correctional officials will withdraw 40% of my income each month; three actions will require 60% of my income each month, etc.

_____   _____
DATE                         SIGNATURE OF APPLICANT

### CERTIFICATE OF CORRECTIONAL OFFICIAL
### AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
  (Printed name of official)
The applicant's trust account balance at this institution is:             $_____
The applicant's average monthly deposits during the prior six months is: $_____
The applicant's average monthly balance during the prior six months is:  $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE       AUTHORIZED SIGNATURE       TITLE/ID NUMBER       INSTITUTION

2

Revised 12/1/20