WO                                                                                                                         MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emmanuel L. Castillo,<br><br>Plaintiff,<br><br>v.<br><br>Morey Unit Warden John/Jane Doe, et al.,<br><br>Defendants. | No.  CV 21-00527-PHX-JAT (ESW)<br><br>**ORDER** |

On March 25, 2021, Plaintiff Emmanuel L. Castillo, who is confined in the Arizona State Prison Complex (ASPC)-Eyman in Florence, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.  In an April 5, 2021 Order, the Court gave Plaintiff thirty days to either pay the administrative and filing fees or file a complete Application to Proceed In Forma Pauperis.

On April 6, 2021, Plaintiff filed a "Motion for: Protection and or TRO, Temporary Restraining Order" and an Application to Proceed In Forma Pauperis.  In an April 9, 2021 Order, the Court denied the Motion and the deficient Application to Proceed and gave Plaintiff thirty days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

On April 15, 2021, Plaintiff filed a second Application to Proceed In Forma Pauperis.  In a May 4, 2021 Order, the Court granted Plaintiff's second Application to Proceed In Forma Pauperis, dismissed his Complaint because Plaintiff had failed to state a

claim upon which relief may be granted, and gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order. On May 4, 2021, Plaintiff filed a Motion for Defendants' Names, which the Court denied as premature in a May 12, 2021 Order.

On May 26, 2021, Plaintiff filed a First Amended Complaint (Doc. 14). Because Plaintiff has stated claims against the Doe Defendants, the Court will give Plaintiff an opportunity to identify their actual names.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual

allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.     First Amended Complaint**

In his five-count First Amended Complaint, Plaintiff seeks monetary damages from the following John/Jane Doe Defendants: ASPC-Lewis Morey Unit Warden, Deputy Warden, Associate Deputy Warden, Major, and Chief of Security.

In each count, Plaintiff alleges Defendants failed to protect him, in violation of the Eighth Amendment. He claims Arizona Department of Corrections policy requires the regular inspection of security devices to ensure they are in good working condition and requires supervisory and other management personnel to conduct regular inspections and tours. Plaintiff alleges each Defendant knew of the potential danger from deficient cell door locks, but failed the fix the locks. He contends he was assaulted and subsequently secured in his cell behind a locked door, but another group of inmates manipulated the cell door lock, opened it, and began to assault him. Plaintiff asserts he was chased, dove off the second story tier to avoid being assaulted further and to "preserve [his] life," "slam[m]ed to the floor[,] hitting [his] head," and was hospitalized.

In **Count One**, Plaintiff alleges Defendant Warden knew of the potential danger from deficient cell door locks because he had received various reports indicating that staff and inmates were being severely assaulted because the locks were being manipulated and that "the locks['] deficience[s] are of [a] serious nature and need immediate attention," but Defendant Warden failed to fix the locks.

In **Count Two**, Plaintiff contends Defendant Deputy Warden knew of the potential danger from deficient cell door locks because he: (a) received various reports indicating

that the "cell doors had a deficiency that needed immediate attention"; (b) was aware of prior occasions where staff members and inmates had been assaulted; (c) is a part of the "Security/Facility Inspection Commit[tee]" that regularly inspects security devices to ensure they are in good working condition and conducts regular inspections and tours. Plaintiff alleges Defendant Deputy Warden failed to fix the locks and "actually made additional reports contr[a]dicting original reports."

In **Count Three**, Plaintiff claims Defendant Associate Deputy Warden was aware of the danger from deficient cell door locks because he received reports explaining the deficient cell door locks were being compromised and were endangering the lives of staff members and inmates, but acted with deliberate indifference when he ignored the danger and the reports and did nothing to fix the cell door locks.

In **Count Four**, Plaintiff alleges Defendant Major knew of the danger from deficient cell door locks because he is part of the group of supervisors who conduct weekly and monthly inspections and he had received various official reports that staff members and inmates were being assaulted because the cell door locks were deficient and were being compromised by inmates. Plaintiff contends, however, that Defendant Major "down[]played the severity of the issue," "relayed" a false report that the issue was "under control and [was] being fixed," but did not fix the cell door locks.

In **Count Five**, Plaintiff contends Defendant Chief of Security knew of the danger from deficient cell door locks because he was a part of the Security Committee that conducted regular inspections to ensure security devices were in good condition and had received various reports indicating that staff members and inmates were being assaulted because cell door locks were being manipulated. Plaintiff alleges Defendant Chief of Security acted with deliberate indifference when he failed to fix the locks or do "follow ups" to ensure the locks would be fixed.

Although Plaintiff has stated Eighth Amendment deliberate indifference claims against the Doe Defendants, the Court will not require service on the Doe Defendants at this time because it is, in most instances, impossible for the United States Marshal or his

designee to serve a summons and complaint upon an anonymous defendant. However, the Court will not dismiss the claim against the Doe Defendants at this time.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The Court will allow Plaintiff 120 days in which to discover the actual name of one or more of the Doe Defendants, through subpoena or otherwise, and to substitute at least one of the Defendants' actual names by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. The Court may dismiss without prejudice this action if Plaintiff fails to timely file a notice of substitution identifying at least one of the Doe Defendants, unless Plaintiff seeks and is granted an extension of time.

**III.  Warnings**

    **A.  Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

    **B.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.  Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to serve Defendants with a copy

of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. Plaintiff may comply with Federal Rule of Civil Procedure 5(d) by including, with every document he files, a certificate of service stating that this case is subject to General Order 14-17 and indicating the date the document was delivered to prison officials for filing with the Court.

**If** Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be required to: (a) serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.      Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      Plaintiff has **120 days** from the filing date of this Order in which to discover, by subpoena or otherwise, the identity of one or more of the Doe Defendants, *and* to file a "notice of substitution" for one or more of the Doe Defendants.

(2)      The Clerk of Court must issue one subpoena in blank and send it and a copy of the Marshal's Process Receipt & Return form (USM-285) to Plaintiff.

(3)      Plaintiff shall complete the subpoena and USM-285 form and promptly return them to the Clerk of Court.

(4)      Upon receipt of properly completed subpoena and USM-285 form, the Clerk of Court must deliver the subpoena, the USM-285 form, and a copy of this Order, to the United States Marshal for service.

(5) Within **20 days** of receiving the subpoena, USM-285 form, and a copy of this Order, the United States Marshal must personally serve the subpoena and a copy of this Order in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 566(c) and 1915(d).

(6) Within **10 days** after personal service is effected, the United States Marshal must file the proof of service.

(7) The Clerk of Court may enter a judgment of dismissal for failure to prosecute without prejudice and without further notice to Plaintiff, if Plaintiff fails to file a notice of substitution within 120 days for at least one of the Doe Defendants, unless Plaintiff seeks and is granted an extension of time.

Dated this 9th day of June, 2021.

James A. Teilborg
Senior United States District Judge